IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:19-cv-202 |
| vs. | § § § | |
| QBE SPECIALTY INSURANCE COMPANY | § § § § | |
| Defendant | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

1. Defendant QBE Specialty Insurance Company ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446 as follows:

### I. INTRODUCTION

2. This case is removable because all proper parties to this litigation have diverse citizenship and the matter in controversy exceeds $75,000.00.

### II. COMMENCEMENT AND SERVICE

3. The underlying lawsuit was commenced on June 6, 2019, when Plaintiff filed its Original Petition ("Petition") in the 343rd Judicial District Court, San Patricio County, Texas, styled Cause No. S-19-5603CV-C, styled *Western World Insurance Company v QBE Specialty Insurance Company* (the "State Court Lawsuit). Although the Texas Department of Insurance ("TDI") was served on June 28, 2019, the TDI did not mail the petition to Defendant until July 3, 2019.

4. This Notice of Removal is filed within thirty days of Defendant's receipt of the Petition. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## III. GROUNDS FOR REMOVAL

5.	Defendant is entitled to remove the State Court Lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because the State Court Lawsuit is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## IV. DIVERSITY OF CITIZENSHIP

6.	This is an action with complete diversity of citizenship between Plaintiff and the Defendant. Exhibit "A-1".

7.	Plaintiff is a foreign insurance company and a citizen of the State of New Hampshire. Exhibit "A-2".

8.	Defendant is a foreign insurance company and a citizen of North Dakota.

9.	No change of citizenship has occurred since commencement of the State Court Lawsuit. Accordingly, diversity of citizenship exists among the proper parties.

## V. AMOUNT IN CONTROVERSY

10.	Defendant would show that the minimum jurisdictional limits of this Court have also been met because the amount in controversy exceeds $75,000. A defendant may perfect a notice of removal based on allegations in the pleadings or facts in the notice. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992). Plaintiff does not allege an amount in controversy in its Petition. However, in Plaintiff's Request for Admission No. 12 served with the Petition, Plaintiff seeks an admission from Defendant that Plaintiff paid $598,400.72 to Plaintiff's insured and seeks contribution from Defendant for a portion of this amount. Petition, ¶ 9. Plaintiff also seeks its attorneys' fees. Petition ¶ 10. Therefore, the amount in controversy exceeds the jurisdictional limit of this Court.

## VI. VENUE

11. Venue lies in the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Lawsuit in this judicial district and division.

## VII. NOTICE AND CONSENT TO REMOVAL

12. Defendant will file with the clerk of the State Court Lawsuit, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

13. No Consent to Removal is necessary as Defendant is the only named defendant in this lawsuit.

## VIII. EXHIBITS TO NOTICE OF REMOVAL

14. The following documents are attached to this Notice as corresponding numbered exhibits in compliance with LR81:

    A. Texas Department of Insurance entity search:
        1. Western World Insurance Company showing as a domestic insurance company for New Hampshire.
        2. QBE Specialty Insurance Company showing as a domestic insurance company for North Dakota.

    B. All executed process in the case;

    C. Pleadings asserting causes of action, e.g., petition, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings.;

    D. The docket sheet;

    E. Civil Cover Sheet;

    F. An index of matters being filed; and

    G. A list of all counsel of record, including addresses, telephone numbers and parties represented.

15. There are no orders signed by the state court judge.

## IX. CONCLUSION

WHEREFORE, Defendant QBE Specialty Insurance Company, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 343rd Judicial District Court of San Patricio County, Texas to this Court.

Dated: July 29, 2019.

Respectfully submitted,

/s/ *Carter L. Ferguson*
Carter L. Ferguson
State Bar Number 06909500
Southern District Number 33538
cferguson@belaw.com
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
(817) 870-2265 fax

**ATTORNEYS FOR DEFENDANT QBE SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

**Via Electronic Filing**

Robert G. Hogue
ROBERT G. HOGUE, P.C.
Highland Park Place
4515 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Email: robhogue@msn.com

**ATTORNEY FOR PLAINTIFF**

DATED this 29th day of July 2019.

/s/
Carter L. Ferguson